UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| MORGAN PRESNELL | ) | |
| | ) | |
| v. | ) | NO. 2:09-cv-67 |
| | ) | *Mattice/Lee* |
| ROBIN RAY, Washington County District | ) | |
| Attorney's Office; TOM BURLESON, | ) | |
| T.D.O.C. of Tennessee; JEFF KELLY, | ) | |
| Public Defender's Office of Tennessee; | ) | |
| WASHINGTON COUNTY DETENTION | ) | |
| CTR.; CARTER COUNTY DETENTION | ) | |
| CTR.; DR. PINYARD, Washington County | ) | |
| Detention Ctr.; DR. PAUL, Carter County | ) | |
| Detention Ctr.; COMPREHENSIVE | ) | |
| COMMUNITY SERVICES; MRS. | ) | |
| AMBROSE; CROSSROADS PROBATION; | ) | |
| CINDY BROOKS; BILL HAMPTON (Att'y); | ) | |
| and DISTRICT ATTORNEY'S OFFICE | ) | |
| (Carter County) | ) | |

## **MEMORANDUM and ORDER**

Morgan Presnell, a *pro se* litigant and former prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983, against various defendants alleging several constitutional infringements. Plaintiff's motion to proceed without prepayment of the filing fee is **GRANTED** . [Doc. 1].

Plaintiff asserts, in his complaint, that he was subjected to false imprisonment for eighteen and a half months in the Washington County and Carter County Detention Centers, denied medications, refused legal mail, and held in a felony block on misdemeanor

charges. As a result of the alleged false imprisonment, plaintiff lost eighteen and a half months of his life, custody of his two children, his home, and his SSI disability and had to sleep in his car for eight months. He further asserts that he has legal documentation and witnesses to prove his allegations but that he would like summonses issued for two people to add to the proof he already has. For these claimed constitutional violations, plaintiff seeks five million dollars in damages, any other relief to which he may be entitled, and a jury to try his case. Finally, plaintiff asks that the statute of limitations be extended until he can obtain an attorney. He has consulted three attorneys so far.

## I. Screening Procedure

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997) (finding that section 1915(e)(2) applies to complaints filed *in forma pauperis* by prisoners and non-prisoners alike). If the complaint does not state a claim or is frivolous, malicious, or seeks damages from an immune defendant, this suit must be dismissed.

## II. **The Claims**

A. *False Imprisonment*.

The Supreme Court has found that claims of the type asserted here must be analogized to a common-law action for malicious prosecution because that cause, unlike a

2

tort of false imprisonment, permits damages for confinement imposed pursuant to legal process. *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). Among the permissible damages are "compensation for any arrest or imprisonment, including damages for discomfort or injury to his health, or loss of time and deprivation of the society." *Id.*, (citation omitted).

Even so, the analogy does not help plaintiff. It is well-settled law that if a judgment in favor of a plaintiff would necessarily imply the invalidity of his state court conviction or sentence, his § 1983 action for damages must be dismissed, unless he can demonstrate "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*, at 486. In other words, "no cause of action exists unless a conviction has been legally eliminated." *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). Were plaintiff to obtain a judgment finding that he had been wrongfully confined, this of necessity would imply that his state court conviction or sentence is not valid. There is no indication that plaintiff's conviction has been ruled invalid and thus, under *Heck*, he fails to state a § 1983 claim for damages due to "false imprisonment" at this time. This claim will be dismissed without prejudice.

B. *Denial of Medications and Legal Mail*.

In this claim, plaintiff maintains that he was denied medications "for mental health reasons" and legal mail from this Court. However, there are insufficient allegations

3

of fact to support these claims. No information has been supplied to identify the person(s) who denied the medications or mail or when those denials occurred. A court need not conjure up facts not pled to support conclusory allegations. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). As it is, these contentions are conclusory; conclusory contentions do not state a claim for relief. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Furthermore, while prison authorities who are deliberately indifferent to the serious medical needs of prisoners violate the Eighth Amendment rights of those prisoners, *Estelle v. Gamble*, 429 U.S. 97 (1976), the Court sees no constitutional claim here. There is nothing to indicate deliberate indifference because plaintiff has not connected any defendant to the denial of medication, much less made factual allegations regarding the state of mind of an unidentified defendant.

C. *Housing of Misdemeanants*.

Plaintiff contends that he was held in a felony block, though he was held on misdemeanor charges, and that housing him with felons violated his right to be confined in a misdemeanor block. Plaintiff, however, has failed to cite to any authority, and the Court knows of none, which would support the premise that he possesses any such a right or that the questioned housing arrangement violates the Constitution. Indeed, plaintiff has no constitutionally-protected entitlement to be confined in any particular facility or any particular area of the jail. *See Meachum v. Fano*, 427 U.S. 215, 224 (1983). Thus, his

4

allegations fail to state a claim for relief under § 1983.

### III. Conclusion.

For the aforementioned reasons, none of plaintiff's allegations state a claim entitling him to relief under § 1983. 28 U.S.C. § 1915(e)(2). This lawsuit will be dismissed accordingly.

A separate order shall enter.

**ENTER:**

*/s/Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE

5